■     In the Matter of the Claim of PHILIP DEUTSCH, Respondent, v. H. & S. DAIRY PRODUCTS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board. The claimant was employed as a routeman delivering dairy products and he normally worked 5 days a week, about 12 hours each day from 6:30 A.M. to 6:30 P.M. with

the exception of Wednesday when he only worked a half day. On May 29, 1957 the claimant started work at 5:30 A.M. because, although it was a Wednesday, it was the day before a holiday and many more packages had to be delivered. In the process of loading his truck the claimant experienced pain across his chest while lifting a 72-pound crate of cheese. A coworker finished loading the claimant's truck and the claimant made his deliveries although he did not feel well. The claimant characterized his work that day as "gruelling" and the coworker stated that it was "an exceptionally heavy day". The pain persisted the following day and the claimant was hospitalized late in the evening on May 30. His condition was diagnosed as a myocardial infarction. Dr. Katcher, the attending physician and a specialist in chest diseases, was of the opinion that the work performed by the claimant on May 29 precipitated the infarction. While at one point he testified that this was "quite possible" it is clear from his reports and his testimony on cross-examination that his opinion on this was quite definite rather than speculative as the word "possible" might indicate. The appellants' expert testified that there was no causal relationship between the work and the infarction as did the impartial specialist chosen by the board. The board found that the claimant's work aggravated a pre-existing arteriosclerotic heart condition and that there was an accident within the meaning of the Workmen's Compensation Law. The board could find on this record that the work performed by the claimant was arduous and was such as to subject him to more strain than the normal wear and tear of life and additionally that the work performed by him on May 29 was somewhat unusual compared to his normal activities. The conflict in the medical testimony presented a question of fact and the board was free to accept as it did the testimony of the claimant's expert. It cannot be said as a matter of law that its decision is not supported by substantial evidence. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board.